# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Linens Holdings Co., *et al.*<br><br>Debtors. | Chapter 7<br><br>Case No. 08-10832 (CSS)<br><br>Substantively Consolidated |
| Charles M. Forman, Chapter 7 Trustee for the Estate of Linens Holdings Co., *et al.*<br><br>Plaintiff,<br><br>v.<br><br>India Ink, Inc.<br><br>Defendant. | Adv. Proc. No. 11-51730 (CSS) |

## ANSWER OF DEFENDANT INDIA INK, INC. TO COMPLAINT TO AVOID PREFERENTIAL TRANSFERS, FOR DECLARATORY JUDGMENT AND FOR OTHER RELIEF

Defendant India Ink, Inc. ("Defendant"), by and through its undersigned counsel, answers the Complaint to Avoid Preferential Transfers, for Declaratory Judgment and for Other Relief [Adv. D.I. 1] (the "Complaint"), filed by Charles M. Forman, Chapter 7 Trustee (the "Plaintiff") for the Estate of Linens Holdings, Co., *et al.* (the "Debtors") as follows:

### NATURE OF THE ACTION

1. Paragraph 1 of the Complaint is a characterization of Plaintiff's case, which does not require a response as it does not contain any allegations of fact. To the extent paragraph 1 makes factual allegations against Defendant, those allegations are denied.

### JURISDICTION AND VENUE

2. Paragraph 2 of the Complaint sets forth conclusions of law to which no responsive pleading is required. To the extent paragraph 2 makes factual allegations against Defendant, those allegations are denied.

3.     Defendant admits that the preferential transfer cause of action pursuant to 11 U.S.C. § 547(b) is a core proceeding but otherwise denies the remaining allegations set forth in paragraph 3 of the Complaint. Defendant does not consent to this Court's jurisdiction over the non-core matters.

4.     Paragraph 4 of the Complaint sets forth conclusions of law to which no responsive pleading is required. To the extent paragraph 4 makes factual allegations against Defendant, those allegations are denied.

## THE PARTIES

5.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint, and therefore denies each allegation set forth therein.

6.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, and therefore denies each allegation set forth therein.

7.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and therefore denies each allegation set forth therein.

8.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and therefore denies each allegation set forth therein.

9.     Paragraph 9 of the Complaint sets forth conclusions of law to which no responsive pleading is required. To the extent paragraph 9 makes factual allegations against Defendant, those allegations are denied.

10. Defendant admits that it is a corporation or other legal entity that transacted business with Linens 'N Things, Inc. prior to May 2, 2008, but otherwise denies the allegations set forth in paragraph 10 of the Complaint.

## THE DEBTORS' THIRD AMENDED PLAN

11. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and therefore denies each allegation set forth therein.

12. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and therefore denies each allegation set forth therein.

13. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and therefore denies each allegation set forth therein.

14. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and therefore denies each allegation set forth therein.

15. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and therefore denies each allegation set forth therein.

16. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and therefore denies each allegation set forth therein.

17. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and therefore denies each allegation set forth therein.

18. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, and therefore denies each allegation set forth therein.

19. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and therefore denies each allegation set forth therein.

## **GENERAL ALLEGATIONS**

20. Defendant admits that it was a party to an agreement with one or more of the Debtors and that it sold goods to Linens 'N Things, Inc. Defendant denies the remainder of the allegations contained in paragraph 20 of the Complaint.

21. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, and therefore denies each allegation set forth therein.

22. Paragraph 22 of the Complaint states a legal conclusion to which no response is required. To the extent that paragraph 22 of the Complaint contains any factual allegations against Defendant, those allegations are denied.

23. Paragraph 23 of the Complaint states a legal conclusion to which no response is required. To the extent that paragraph 23 of the Complaint contains any factual allegations against Defendant, those allegations are denied.

24. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 24 concerning Plaintiff's knowledge regarding the information contained on Exhibit A and therefore denies those allegations and refers to Exhibit A which speaks for itself. The remainder of paragraph 24 states a legal conclusion to which no response is required. To the extent that the remainder of paragraph 24 of the Complaint contains any factual allegations against Defendant, those allegations are denied.

25. Paragraph 25 of the Complaint sets forth conclusions of law to which no responsive pleading is required. To the extent paragraph 25 makes factual allegations against Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies each such allegation.

26. Defendant admits that the Debtors commenced an action against CIT, seeking to avoid the Transfers but otherwise is without without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies each such allegation.

27. Paragraph 27 of the Complaint sets forth conclusions of law to which no responsive pleading is required. To the extent paragraph 27 makes factual allegations against Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies each such allegation.

28. Paragraph 28 of the Complaint sets forth definitional terms used by Plaintiff, and does not require a response as it does not contain any allegations of fact. To the extent paragraph 28 makes factual allegations against Defendant, those allegations are denied. Defendant specifically denies the Trustee's ability to recover any "Credits" as preferential transfers.

29. Defendant denies each and every allegation asserted in paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint states a legal conclusion to which no response is required. To the extent that paragraph 30 of the Complaint contains any factual allegations against Defendant, those allegations are denied.

## COUNT I
### (Preferential Transfer Pursuant to 11 U.S.C. § 547(b))

31. Defendant restates and incorporates by reference the responses contained in paragraphs 1 through 30 above as though fully set forth herein.

32. Paragraph 32 of the Complaint states a legal conclusion to which no response is required. To the extent that paragraph 32 of the Complaint contains any factual allegations against Defendant, those allegations are denied.

33. Paragraph 33 of the Complaint states a legal conclusion to which no response is required. To the extent that paragraph 33 of the Complaint contains any factual allegations against Defendant, those allegations are denied.

34. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint, and therefore denies each allegation set forth therein.

35. Paragraph 35 of the Complaint sets forth conclusions of law to which no responsive pleading is required. To the extent paragraph 35 makes factual allegations against Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies each such allegation.

36. Paragraph 36 of the Complaint sets forth conclusions of law to which no responsive pleading is required. To the extent paragraph 36 makes factual allegations against

6

Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies each such allegation.

37. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint, and therefore denies each allegation set forth therein.

38. Paragraph 38 of the Complaint states a legal conclusion to which no response is required. To the extent that paragraph 38 of the Complaint contains any factual allegations against Defendant, those allegations are denied.

39. Defendant denies each and every allegation asserted in paragraph 39 of the Complaint.

40. Defendant admits that it has not paid or returned monies in the amount of the alleged transfers listed on Exhibit A to the Complaint, but denies it has any obligation to do so. To the extent a further response is required, Defendant denies the allegations set forth in paragraph 40 of the Complaint.

## COUNT II
### (Breach of Contract)

41. Defendant restates and incorporates by reference the responses contained in paragraphs 1 through 40 above as though fully set forth herein.

42. Paragraph 42 of the Complaint states a legal conclusion to which no response is required. To the extent that paragraph 42 of the Complaint contains any factual allegations against Defendant, those allegations are denied.

43. Defendant denies each and every allegation asserted in paragraph 43 of the Complaint.

44. Defendant denies each and every allegation asserted in paragraph 44 of the Complaint.

45. Defendant denies each and every allegation asserted in paragraph 45 of the Complaint.

### COUNT III
### (Unjust Enrichment)

46. Defendant restates and incorporates by reference the responses contained in paragraphs 1 through 45 above as though fully set forth herein.

47. Paragraph 47 of the Complaint states a legal conclusion to which no response is required. To the extent that paragraph 47 of the Complaint contains any factual allegations against Defendant, those allegations are denied.

48. Defendant denies each and every allegation asserted in paragraph 48 of the Complaint.

49. Defendant denies each and every allegation asserted in paragraph 49 of the Complaint.

### COUNT IV
### (Turnover Pursuant to 11 U.S.C. § 542)

50. Defendant restates and incorporates by reference the responses contained in paragraphs 1 through 49 above as though fully set forth herein.

51. Defendant denies each and every allegation asserted in paragraph 51 of the Complaint.

52. Defendant denies each and every allegation asserted in paragraph 52 of the Complaint.

53. Defendant admits that it has not delivered or otherwise accounted for the alleged "Unused Credits" but denies that it has any obligation to do so. To the extent a further response is required, Defendant denies the remaining allegations set forth in paragraph 53 of the Complaint.

54. Defendant denies each and every allegation asserted in paragraph 54 of the Complaint.

55. Defendant denies each and every allegation asserted in paragraph 55 of the Complaint.

**COUNT V**
**(Declaratory Judgment – Setoff Pursuant to 11 U.S.C. § 558)**

56. Defendant restates and incorporates by reference the responses contained in paragraphs 1 through 55 above as though fully set forth herein.

57. Defendant denies each and every allegation asserted in paragraph 57 of the Complaint.

58. Defendant admits that it has asserted claims against the Debtors' estates, but otherwise denies the remainder of the allegations set forth in paragraph 58 of the Complaint.

59. Paragraph 59 of the Complaint states a legal conclusion to which no response is required. To the extent that paragraph 59 of the Complaint contains any factual allegations against Defendant, those allegations are denied.

60. Paragraph 60 of the Complaint states a legal conclusion to which no response is required. To the extent that paragraph 60 of the Complaint contains any factual allegations against Defendant, those allegations are denied.

61.	Paragraph 61 of the Complaint states a legal conclusion to which no response is required. To the extent that paragraph 61 of the Complaint contains any factual allegations against Defendant, those allegations are denied.

62.	Defendant admits that Plaintiff purports to seek a declaratory judgment against Defendant, but denies that Plaintiff is entitled to such relief. To the extent a further response is required, Defendant denies the remaining allegations set forth in paragraph 62 of the Complaint.

## COUNT VI
### (Recovery of Transfers Pursuant to 11 U.S.C. §550)

63.	Defendant restates and incorporates by reference the responses contained in paragraphs 1 through 62 above as though fully set forth herein.

64.	Paragraph 64 of the Complaint states a legal conclusion to which no response is required. To the extent that paragraph 64 of the Complaint contains any factual allegations against Defendant, those allegations are denied.

65.	Paragraph 65 of the Complaint sets forth conclusions of law to which no responsive pleading is required. To the extent paragraph 65 makes factual allegations against Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies each such allegation.

66.	Paragraph 66 of the Complaint sets forth conclusions of law to which no responsive pleading is required. To the extent paragraph 66 makes factual allegations against Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies each such allegation.

67.	Defendant denies each and every allegation set forth in paragraph 67 of the Complaint.

68.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint, and therefore denies each allegation set forth therein.

69.     Defendant denies each and every allegation asserted in paragraph 69 of the Complaint.

## COUNT VII
## (Disallowance of all Claims – 11 U.S.C. §502(d) and (j))

70.     Defendant restates and incorporates by reference the responses contained in paragraphs 1 through 70 above as though fully set forth herein.

71.     Paragraph 71 of the Complaint states a legal conclusion to which no response is required. To the extent that paragraph 71 of the Complaint contains any factual allegations against Defendant, those allegations are denied.

72.     Paragraph 72 of the Complaint states a legal conclusion to which no response is required. To the extent that paragraph 72 of the Complaint contains any factual allegations against Defendant, those allegations are denied.

73.     Defendant admits that it has not paid or returned monies in the amount of the alleged transfers listed on Exhibit A to the Complaint, but denies it has any obligation to do so. To the extent a further response is required, Defendant denies the remaining allegations set forth in paragraph 73 of the Complaint.

74.     Paragraph 74 of the Complaint states a legal conclusion to which no response is required. To the extent that paragraph 74 of the Complaint contains any factual allegations against Defendant, those allegations are denied.

75. Paragraph 75 of the Complaint states a legal conclusion to which no response is required. To the extent that paragraph 75 of the Complaint contains any factual allegations against Defendant, those allegations are denied.

## GENERAL DENIAL

Defendant hereby denies each and every allegation in the Complaint, unless otherwise specifically admitted herein.

## First Defense

76. The Complaint is barred by the applicable statute of limitations and/or the doctrine of laches.

## Second Defense

77. Any alleged Transfers that Defendant or CIT received from the Debtors during the Preference Period cannot be avoided, and were not preferences, because, in accordance with 11 U.S.C. § 547(c)(2), such transfers were in payment of debts incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and of Defendant and the transfer of such monies was (i) made in the ordinary course of business or financial affairs of the Debtors and Defendant, or (ii) made according to ordinary business terms.

## Third Defense

78. Any alleged Transfers that Defendant or CIT received from the Debtors during the Preference Period cannot be avoided and were not preferential payments because, in accordance with 11 U.S.C. § 547(c)(4), after such payments were made, Defendant provided new value to or for the benefit of the Debtors in the amount of at least $376,343.57. Moreover, such new value was (i) not secured by an otherwise unavoidable security interest, and (ii) on account

of which new value the Debtors did not make an otherwise unavoidable transfer to or for the benefit of Defendant.

### Fourth Defense

79.     Any alleged Transfers that Defendant or CIT received from the Debtors during the Preference Period cannot be avoided and were not preferential payments because, in accordance with 11 U.S.C. § 547(c)(1), such transfers were intended by the Debtors and Defendant to be contemporaneous exchanges for new value given to the Debtors and were in fact substantially contemporaneous exchanges.

### Fifth Defense

80.     The Complaint fails to state a claim upon which relief can be granted.

### Sixth Defense

81.     The claims stated in the Complaint are barred by the doctrines of set–off and/or recoupment.

### Seventh Defense

82.     The alleged "Used Credits" are not valid "Credits" as that term is used in the Complaint, are not transfers, and cannot form the basis for recovery under any of the allegations in the Complaint.

### Eighth Defense

83.     To the extent the Complaint purports to require Defendant to pay Plaintiff in cash on account of alleged "Used Credits," the Complaint must be dismissed because Plaintiff is not entitled to receive cash in exchange for credits.

### Ninth Defense

84. To the extent the Debtors used Credits based on invoices for which they never paid, those Credits cannot constitute preferential transfers because no property of the estate was transferred.

### Tenth Defense

85. The alleged "Unused Credits" cannot form the basis of any breach of contract, unjust enrichment, setoff, or turnover claim, because, among other things, and without limitation, any and all of the alleged unused credits either have no basis, are time barred, were already accounted for or are otherwise invalid.

### Eleventh Defense

86. The alleged "Unused Credits" cannot form the basis of any breach of contract, unjust enrichment, setoff, or turnover claim because they are derived from invoices which the Debtors never paid, and accordingly do not represent obligations of Defendant to the Debtors or Plaintiff.

### Twelfth Defense

87. Defendant took for value, in good faith, and without knowledge of the potential voidability of the transfers pursuant to 11 U.S.C. § 550(b).

### Thirteenth Defense

88. The Complaint should be dismissed because it fails to satisfy the pleading requirements of Fed. R. Civ. P. 8 and Fed. R. Bankr. P. 7008.

### Fourteenth Defense

89. The claims stated in the Complaint are barred due to waiver and/or estoppel.

### Fifteenth Defense

90. The claims stated in the Complaint are barred by the doctrine of unclean hands.

### Sixteenth Defense

91. Plaintiff's right to recover each of the alleged transfers is barred to the extent Plaintiff has already received a recovery on behalf of any such transfer in accordance with 11 U.S.C. § 550(d).

### RESERVATION OF DEFENSES

92. Defendant expressly reserves, and does not waive, any additional defenses that may be disclosed or become apparent during discovery and further investigation of the relevant facts in this matter.

### CONCLUSION

WHEREFORE, Defendant requests that the Court enter judgment (i) in favor of Defendant and against Plaintiff, denying and dismissing all of Plaintiff's claims with prejudice; (ii) awarding Defendant its costs incurred in this matter; and (iii) granting such other and further relief as the Court may deem just and proper.

Dated: August 12, 2011

POTTER ANDERSON & CORROON LLP

*R. Stephen McNeill* (signature)

Laurie Selber Silverstein (DE Bar No. 2396)
R. Stephen McNeill (DE Bar No. 5210)
P.O. Box 951
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19899-0951
Telephone: (302) 984-6000
Facsimile: (302) 658-1192

*Counsel for Defendant, India Ink, Inc.*